UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


HENRY JAVIER LOBO POLANCO,

       Petitioner,

v.

                                    Case No. 3:26-cv-987-MMH-PDB

WARDEN, BAKER COUNTY
CORRECTIONAL INSTITUTE, et al.,

       Respondents.
_____

## **ORDER**

Petitioner Henry Javier Lobo Polanco, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1; Petition). Polanco is a citizen of Venezuela who entered the United States on April 23, 2023. Id. at 4–5. He surrendered to border patrol agents; Polanco was issued a Notice to Appear and released. Id. at 5. Polanco has a pending application for asylum. Id. On February 10, 2026, United States Immigration and Customs Enforcement detained Polanco. Id. Polanco raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 8–13.

Respondents filed a Response (Doc. 7; Response) asserting that they are now detaining Polanco under 8 U.S.C. § 1226(a), and conceding that to the

extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Polanco filed a counseled Reply (Doc. 8; Reply). He asks the Court, among other things, to accept the Federal Respondents' concession that he is entitled to a bond hearing and direct that he be afforded an individualized bond hearing within seven days. Reply at 5–6.

When Polanco was detained in February 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.    Polanco's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of

---

[1] Because the Court finds that Polanco is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not

this Order, Respondents shall either afford Polanco an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Polanco, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 6/4
c:
Counsel of Record

---

address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").